Norman A. Pharr v. Commissioner.
Pharr v. Commissioner
Docket No. 3241-68.
United States Tax Court
T.C. Memo 1971-28; 1971 Tax Ct. Memo LEXIS 305; 30 T.C.M. (CCH) 118; T.C.M. (RIA) 71028; February 8, 1971, Filed *305 Norman A. Pharr, pro se, 3493 3rd St.,bronx, N. Y., Kimball K. Ross, for the respondent. RAUM
Memorandum Findings of Fact and Opinion RAUM, Judge: The Commissioner determined a deficiency in petitioner's 1965 income tax in the amount of $429.27. Petitioner resided in New York when the petitioner herein was filed. The deficiency resulted from the disallowance of two deductions claimed on petitioner's 1965 return: (1) contributions in the amount of $300 and (2) a "casualty" or theft loss in the amount of $2,285.15. During 1965 petitioner was unmarried and resided in a ground floor apartment at 3493 3rd Avenue, Bronx, New York. His total reported gross income for that year was from wages in the amount of $6,850. He was employed as a "parts analyst." 1. Contributions. On his return petitioner deducted $300 as charitable contributions, consisting of $150 designated simply as "church" and another $150 for a number of other donees, some of them unidentified. The Commissioner disallowed the entire deduction for lack of substantiation. Petitioner testified in this Court on his own behalf, and we are satisfied that he in fact made at least some of the contributions claimed. *306 While the matter is not free from doubt, the case is one that calls for the application of the so-called Cohan rule (C.A. 2)), and we hereby find as a fact that petitioner made deductible charitable contributions in 1965 in the aggregate amount of $150. 2. Theft loss. The evidence convinces us that petitioner's apartment was in fact broken into and burglarized on June 8, 1965. On his return he reported that he sustained a loss of $2,385.15, and claimed a $2,285.15 deduction after subtracting the statutory $100 limitation. The $2,385.15 represented the sum of 14 separately identified items as having been stolen. They consisted of a "25 YR. RARE MONEY COLLECTION" in the amount of $1,250 a "Reserve Fund" of $200 in a "piggy bank," and 12 other items such as a portable TV set, a portable AM-FM radio, a portable typewriter, shoes, suits, and other personal articles. We are reasonably satisfied that these items were in fact stolen. However, we do not accept the values that petitioner has assigned to them. The wearing apparel and such items as the TV set and radio were second hand and in our judgment had a fair market value considerably less than petitioner *307 claimed. Also, we were by no means convinced as to the accuracy of the amounts claimed to be in the "Rare Money" collection or the "Reserve Fund." Here, too, 119 as in the case of the contributions issue, the matter is one requiring the application of the Cohan rule, and, doing the best we can with the evidence before us, we find as a fact that petitioner sustained a $1,200 theft loss in 1965, of which $1,100 is deductible. Petitioner has made an extensive argument revolving around the alleged unlawful deprivation of certain of his records that were said to have been kept in the apartment of a friend who lived in the same building, and who had died on a trip to Africa. He contends that if he had those records he would have been able to prove his case. The matter appears to be shrouded in mystery, but we are by no means convinced that any such records would have been any more helpful to petitioner in the context of this case than his own sworn testimony. In any event the circumstances surrounding the alleged seizure of those records by the New York police department and the actions of a person said to be the executor of the will of petitioner's friend appear to have but little *308 if any bearing upon this case. Decision will be entered under Rule 50.